[Civ. No. 15672.   Second Dist., Div. Three.   July 2, 1947.]

Estate of AUGUSTE CAROLINE FLENTJEN, Deceased. LAWRENCE E. STERNER, Appellant.

L. M. Cahill and Bloom & Bloom for Appellant.

SHINN, Acting P. J.—Lawrence E. Sterner presented for probate an alleged will of Auguste Caroline Flentjen, in which he was named executor and sole beneficiary. When his petition came on for hearing, April 30, 1946, it was disclosed by him to the court that he had learned, after the filing of his petition, that there were two nieces residing in Italy, children of a deceased brother and sister and who, with the others named in the petition, would be the heirs of decedent. The judge thereupon stated: ''You will have to continue it to notify the Alien Property Custodian, and get them to appear. Do the best you can to figure out who these people are. Continued to May 28th at 9:30.'' Counsel then stated that it would be inconvenient for the subscribing witnesses to return to court, and the court said: ''We will take their deposition and the reporter will write it up and give it to you, and you can bring it the next time. MR. BLOOM: We cannot prove the will by these two witnesses now, as to the signature? THE COURT: If you want to take their depositions. Do you want to take their deposition now, and you can make arrangements with the reporter to have it written up. MR. BLOOM: All right. THE COURT: We will now take the depositions of the witnesses to the will in the matter of the Estate of Auguste Caroline Flentjen, No. 254559.'' Fredericke L. Knapper was sworn as a witness for petitioner and testified that she knew decedent; that ''Miss Flentjen was a customer of the store, and also a friend coming in and out of the store that was an acquaintance and she came in one day and she said, 'You two ladies will do me a favor?' I said, 'Sure.' She brought this paper. She said, 'I need two names to my will,' and that was all she said, and she opened the paper like this, and she said, 'All you need to do won't put you to any trouble, just put your names down,' and we were feeling as a friend to sign. Q. She told you then it was her will? A. Yes. Q. BY THE COURT: Had she already signed it? A. We did not see it. Q. You did not see her sign? A. No; she came from home and brought this paper, like she wanted us to help her. Q. When you signed it you don't know whether she had signed it or not? A. No. Q. She did not sign it in your presence? A. No.'' She testified that she signed as a witness to the will.

Clara A. Ibe, the other subscribing witness, testified that decedent asked her to sign as a witness, that she did so, and that although decedent did not sign the will in her presence, she stated to the witness that it was her will. Thereupon the court stated: "We might as well not go along with it. We might as well deny its probate. We could not make it a will. It is not properly executed. You will have to file a petition for letters of administration. Will denied probate."

Appellant urges two grounds for reversal of the order: (1) that the hearing upon the petition for probate had been continued to May 28, 1946, that the only proceeding before the court was one for the taking of depositions of the subscribing witnesses, and that there has been no trial of the issue as to whether the document is the will of decedent, and (2) that petitioner should have been given an opportunity to prove that the name of decedent appearing at the end of the will is in her handwriting. Such proof, he insists, with the testimony of the subscribing witnesses, would constitute sufficient evidence, prima facie, to prove due execution. The appeal must be sustained on both grounds.

█ The hearing on the petition had been continued for a month. The order of continuance was not expressly or impliedly rescinded. The court did not intend to hold a hearing on the petition until legal notice had been given to the foreign heirs. The proceeding which followed was one to take depositions and nothing more. █ Counsel had stated before the taking of the depositions commenced that he would be unable to prove the signature of decedent by the two subscribing witnesses. Undoubtedly he was expecting to prove the genuineness of the signature by other witnesses, when the matter would again come on for hearing. He was given no opportunity to make that proof. █ The order denying probate was not made following a trial, but in a collateral proceeding. It was made in advance of trial and is without validity. Petitioner has not had his day in court, and this, of itself, constitutes an error of procedure which calls for a reversal of the order.

█ Even if the testimony of the subscribing witnesses had been given upon a trial, it would have been error to deny probate without affording petitioner an opportunity to make further proof. The depositions of the subscribing witnesses did not establish a want of due execution. █ If the evidence shows that an instrument purporting to be a will bears the signature of the testator and was declared by him to be

his will to two persons who signed at the end of the will as witnesses, in his presence and at his request, the instrument is duly proved as a will. A presumption of due execution arises under these circumstances and it supplies evidence that the signature of the testator had been affixed to the will before he made his declaration and before the signatures of the subscribing witnesses were affixed. ▆ A declaration of a testator that a document which bears his signature is his will amounts to an acknowledgment of his signature so as to meet the requirement for acknowledgment of section 50 of the Probate Code. In *Estate of Gray,* 75 Cal.App.2d 386 [171 P.2d 113] (published after the order herein was made), essentially the same situation existed. The will was duly witnessed but there was an absence of proof that Mrs. Gray had signed it before presenting it to the witnesses and requesting them to sign. Of that situation it was said (p. 393) : ''Failure of execution may not be considered established in contravention of the presumption for the single reason that there is missing some element of direct proof which, if presented, would have rendered it unnecessary to rely upon the presumption. In other words, in the absence of direct evidence as to whether Mrs. Gray's signature was or was not affixed before those of the subscribing witnesses, it must be assumed to have been there when she asked the witnesses to sign.'' It was held that upon proof of her signature the will should be admitted to probate.

Here, the subscribing witnesses were not questioned as to whether the name Auguste Caroline Flentjen appeared on the will at the time they signed as witnesses. But direct proof that it was there will be unnecessary if the signature be proved to be genuine. ▆ If plaintiff produces satisfactory evidence that decedent subscribed her name at the end of the will, whether by verification of her handwriting or some other sort of proof, a prima facie case of due execution will be made out.

The order is reversed and the court is directed to set the matter for hearing after due notice, to receive evidence as to whether the name of Auguste Caroline Flentjen or Auguste C. Flentjen at the end of the will is in her handwriting, and to admit the will to probate unless it be found not to be in her handwriting.

Wood, J., and Kincaid, J. pro tem., concurred.